14608

JACKSON v. JOHNSON ET AL.

(195 S. E., 239)

January, 1937.

*Messrs. Joe P. Lane* and *Gibson & Muller,* for appellant-respondent,

*Mr. W. C. Moore,* for respondent-appellant,

January 27, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

We have read with especial care the voluminous record in this case. Rarely does one find a record so replete with evidence of a formed design and skillfully executed scheme to defraud illiterate, ignorant, and confiding people of their

meager patrimony. Throughout the sordid story runs the thread of the proof that Dr. Johnson, in all his dealings with Lucinda Jackson and Anjaline Jackson, took advantage of their ignorance, their trust and confidence in him to acquire, piece by piece, their property. It is a pitiful story; one is reminded of that which another said:

"Oh! What a tangled web we weave,
When first we practice to deceive."

We are satisfied with the disposition made by the decree of Judge Dennis of the legal issues involved in the case. Some question was made in argument that Dr. Johnson should not have been charged with the sum of $3,000.00, which he received from Dillon Agricultural Loan & Marketing Association as the purchase price of the lot which he sold to that association, and which was deeded to him by Anjaline Jackson. Her deed to him was dated December 12, 1919. On May 17, 1920, he sold this lot to Dillon Agricultural & Marketing Association, and at the same time Anjaline Jackson conveyed to the same grantee 4.76 acres of land adjoining that which she had just conveyed to Dr. Johnson. The Agricultural & Marketing Association paid some one the sum of $7,000.00. Dr. Johnson got it along with the $3,000.00 for the lot conveyed by him. There is no proof that Anjaline Jackson ever got a cent of this money. We think there is ample evidence to sustain Judge Dennis' finding that the whole transaction was a scheme to defraud Anjaline Jackson of the whole sum paid by the association and to convert the same to the use of Dr. Johnson.

We find no merit in the exceptions of the defendants.

The plaintiff, by certain exceptions, contends that the trial Judge should have charged Dr. Johnson with $600.00, the price of timber sold by Lucinda Jackson. That matter is not involved in this suit. That conclusion relates also to the note alleged to have been given by Dr. Johnson and Mrs. Johnson to Lucinda Jackson. There is no proof that they ever got that sum of money from Lucinda Jackson. It is a fair inference that Lucinda never had that much money in

166

all her life. However that may be, it is clear that that matter is not included in this action.

All exceptions are overruled, and the decree of Judge Dennis is affirmed. Let it be reported.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.

Rehearing denied February 14, 1938. *Per curiam.*

Respondents-appellants have filed a petition asking that they be granted a rehearing in the above-stated case. Their petition is based on two grounds, viz.: That the action was brought against them as devisees under the will of Dr. L. F. Johnson, to require them to account for property received under the will, but that the Circuit decree, affirmed by this Court, gives a general judgment against them individually for the full amount found to be due plaintiff by the estate of Dr. Johnson.

The complaint asks only that the defendants account for the acts and doings of the testator, which we construe to mean that they account out of the property devised to them by Dr. Johnson, and not from their individual properties.

While the decree of Judge Dennis gives judgment against the defendants apparently in their individual capacity, it must be construed in the light of the allegations and prayer of the complaint to mean, and we so hold, that the judgment is to be satisfied out of the property they take as devisees under the will of Dr. Johnson.

The second ground of the petition is that this Court overlooked, or misapprehended, the admitted facts in relation to the item of $3,000.00, for which Dr. Johnson sold the lot conveyed to him by Anjaline Jackson.

We are satisfied with the disposition of this item made by Judge Dennis.

The petition is refused.

MR. JUSTICE CARTER did not participate on account of illness.